## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 13-CR-0108-001-CVE** |
| **v.** | ) | |
| | ) | **USM Number: 12429-062** |
| **GENE EDWARD FOUSE,** | ) | |
| a/k/a "Eugene Foust" | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is defendant's motion for reduction of sentence (Dkt. # 65) under Amendment 794 (the Amendment) of the United States Sentencing Commission, Guidelines Manual (Nov. 2015). On November 12, 2013, defendant appeared for sentencing following his plea of guilty to an information charging possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Defendant was sentenced to eighty-seven months in the custody of the Bureau of Prisons. The Court imposed a three-year term of supervised release. In his plea agreement defendant waived his right to directly appeal his conviction and sentence, or collaterally attack the conviction and sentence except for claims based on ineffective assistance of counsel challenging the guilty plea or waiver of appellate and post-conviction rights, and waived his right to sentence modification pursuant to 18 U.S.C. § 3582(c)(2). Dkt. # 48, at 3. On August 26, 2015, based on Amendment 782, defendant's sentence was reduced from 87 months to 78 months, pursuant to 18 U.S.C. § 3582(c)(2).

Defendant now argues that he is entitled to a minor role reduction based on the Amendment, relying on United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016). But Quintero-Leyva is

not controlling precedent and is distinct from defendant's case.  In Quintero-Leyva, the Ninth Circuit held that the Amendment "resolved a circuit split and was intended as a clarifying amendment. . . therefore it applies retroactively to direct appeals." Id. at 523.  Because defendant did not directly appeal his conviction or sentence, Quintero-Leyva is inapplicable.

The Amendment, a new application note, provides a non-exhaustive list of factors for the Court to consider in determining whether to apply a mitigating role adjustment and, if so, the amount of the adjustment.  See USSG §3B1.2, comment (n.3(C)).  The Amendment, which only clarifies the factors to consider for a minor-role adjustment rather than a substantive change, is nonconstitutional and "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" See Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998) (quoting Reed v. Farley, 512 U.S. 339, 348 (1994)).  The Court finds that the defendant was afforded the opportunity to raise the minor role adjustment at his sentencing on the instant offense and chose not to do so.  Further, defendant has not filed a § 2255 motion.

Because defendant's motion for sentence reduction is not a direct appeal or a collateral attack under § 2255, "the vitality of his motion depends entirely on 18 U.S.C. § 3582(c)." See United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997).  Section 3582(c) allows the Court to modify a sentence in three limited circumstances: upon motion of the Director of the Bureau of Prisons if special circumstances exist; if otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; or if the sentencing range is subsequently lowered by the Sentencing Commission.  Id. at 541.

Defendant's motion is based on the last circumstance, an alleged reduction of the sentencing range applicable to him.  18 U.S.C. § 3582(c)(2).  First, the Court notes that defendant waived his right to sentence modification pursuant to § 3582(c)(2).  See Dkt. # 48, at 3.  However, even if defendant had not waived the right, the Amendment did not lower the sentencing range.  Further, the authority to reduce a term of imprisonment is tied to factors contained in 18 U.S.C. § 3553(a), which  include any pertinent policy statements of the Sentencing Commission.  See 18 U.S.C. § 3553(a)(5).  Pursuant to the policy statement in USSG §1B1.10(a)(2), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore not authorized under 18 U.S.C. § 3582(c)(2) if - (A) none of the amendments listed in subsection (d) is applicable to the defendant; or (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range."  Amendment 794 is not listed in the amendments covered by the policy statement; therefore, the Amendment cannot be applied retroactively and it may not serve as the basis on which to reduce defendant's sentence. USSG §1B1.10(d); see also United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993).[1]

---

[1]   Even if the Amendment were retroactive, defendant would not be entitled to a sentence reduction under §3B1.2 because, based on the limited facts in the record, defendant is not substantially less culpable than the average participant.   See USSG §3B1.2, comment (n.3(C)) ("[T]he determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment is based on the totality of the circumstances and involves a determination that is heavily dependent on the facts of the particular case."). On May 30, 2013, in the Northern District of Oklahoma, defendant was driving a tractor-trailer belonging to his business from California to Michigan and was pulled over in a traffic stop by the Oklahoma Highway Patrol. Subsequent investigation revealed 11.8 kilograms of cocaine hidden in a suitcase in the truck.  Defendant stated that he was transporting the cocaine to deliver it to an unidentified person in Detroit, Michigan.

3

**IT IS THEREFORE ORDERED** that defendant's motion reduction of sentence (Dkt. # 65)

is **denied.**

**IT IS SO ORDERED** this 29th day of August, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE