IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13-CR-0108-001-CVE |
| v. ) | |
| ) | USM Number: 12429-062 |
| GENE EDWARD FOUSE, ) | |
| a/k/a "Eugene Foust" ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is defendant's motion for reduction of sentence and appointment of counsel (Dkt. # 69). On November 20, 2013, defendant appeared for sentencing following his plea of guilty to an information charging possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Defendant was sentenced to 87 months in the custody of the Bureau of Prisons. On August 26, 2015, based on Amendment 782, defendant's sentence was reduced from 87 months to 78 months, pursuant to 18 U.S.C. § 3582(c)(2).

Defendant argues that the sentence reduction under Amendment 782 was calculated incorrectly and requests that the Court reduce his sentence to 70 months. Further, defendant requests that the Court appoint an attorney from the Federal Public Defenders Office to assist him with the filing of any briefs the Court may require.

Based on the possession and distribution of 11.8 kilograms of cocaine, defendant's original base offense level was calculated at a 32. Amendment 782 reduced the base offense level to 30. Defendant's amended total offense level was 27, and combined with a criminal history category of II, resulted in a guideline range of 78 to 97 months. Defendant's original sentence of 87 months was

imposed outside of the advisory guideline range based upon a one-level downward variance. Pursuant to USSG §1B1.10(b)(2)(A), the reduction in the defendant's sentence under 18 U.S.C. § 3582(c)(2) is limited to the minimum of the amended guideline range, which is 78 months.

The Court finds that defendant's reduction in sentence, pursuant to Amendment 782, was correctly calculated and his imprisonment sentence was reduced consistent with the provisions of § 3582(c)(2) and the policy statements in §1B1.10.  Further, the Court finds that it does not have the authority to reduce defendant's sentence to 70 months.  A district court's authority to reconsider sentencing may stem only from a statute or rule of criminal procedure that expressly grants the court jurisdiction to do so.  United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997); see United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997) (holding that unless the basis for resentencing falls within one of the specific categories authorized by statute, the district court lacks jurisdiction to consider defendant's request); United States v. Blackwell, 81 F.3d 945, 947, 949 (10th Cir.1996) (holding that a district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so; therefore, a district court does not have inherent power to resentence defendants at any time); 18 U.S.C. § 3582(b).  See also Fed. R. Crim. P. 35(a) – Correcting or Reducing a Sentence.

As to the defendant's request for the Court to appoint the Federal Public Defenders Office to assist him in filing briefs, the Court finds that it has no obligation to appoint counsel for a prisoner seeking relief, and the burden is on the applicant to convince the Court that there is sufficient merit to a claim to warrant appointment of counsel.  In considering a prisoner's request for appointed counsel, the district court ". . . should consider the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and

present his claims." See Steffey v. Orman, 461 F.3d 1218, 1224 (10th Cir. 2006). Defendant has not presented a requisite factual basis or sufficiently established the validity of his claim to justify appointment of counsel.

**IT IS THEREFORE ORDERED** that defendant's motion for reduction of sentence (Dkt. # 69) is **dismissed for lack of jurisdiction,** and the defendant's request for appointment of counsel is **denied.**

**IT IS SO ORDERED** this 19th day of December, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE